**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4051**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES TYSON HERRING,

        Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem.  James A. Beaty, Jr., Chief District Judge.  (1:07-cr-00406-JAB-1)

Submitted:  July 22, 2009        Decided:  August 5, 2009

Before GREGORY and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christopher A. Beechler, Winston-Salem, North Carolina, for Appellant.  Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Tyson Herring pled guilty to possession with intent to distribute crack cocaine and was sentenced to 240 months in prison. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for review. Herring has filed a pro se brief raising sentencing issues. We affirm.

In his informal brief, Herring contends that he was improperly sentenced as a career offender because the two prior convictions on which career offender status was based were not charged in the indictment or proven to a jury beyond a reasonable doubt. We squarely rejected such an argument in United States v. Cheek, 415 F.3d 349 (4th Cir. 2005). In Cheek, we wrote:

> [T]he Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt.

Id. at 352; see also United States v. Booker, 543 U.S. 220, 244 (2005); Almendarez-Torres v. United States, 523 U.S. 224, 243-44 (1998).

Herring also claims that the felony drug conviction upon which the Government relied in its 21 U.S.C. § 851 (2006)

notice was dismissed. However, he offers nothing to substantiate this claim. Further, according to the presentence report, Herring pled guilty in 2007 to felony possession with intent to sell and deliver cocaine. The matter was consolidated for judgment with another offense, and Herring was sentenced to a suspended sentence of eight to ten months. Additionally, at his Fed. R. Crim. P. 11 hearing, Herring acknowledged having the prior conviction in question. We conclude that his claim is without merit.

We have reviewed the entire record in accordance with Anders and have not identified any meritorious issues for appeal. Accordingly, we affirm. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED